**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


ANDRE RAHIM/HUNTER
ADC #106207                                                                              PLAINTIFF

V.                                          5:05CV00193 JLH/JTR

KATHY HUNTER, Nurse, Varner Unit,
Arkansas Department of Correction, et al.                                  DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation. Objections should

be specific and should include the factual or legal basis for the objection. If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy

will be furnished to the opposing party. Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently incarcerated at the Varner Supermax Unit ("VSM") of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint alleging that Defendants have failed to provide him with adequate medical care and denied him access to the courts.  *See* docket entry #2.  Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Indisputable Material Facts.  *See* docket entries #124, #125, and #126.  Plaintiff has filed a Response, a Brief in Opposition, and a Statement of Disputed Factual Issues.  *See* docket entries #130, #131, and #132.   For the reasons set forth herein, the Court recommends that Defendants' Motion be granted, and that this case be dismissed, with prejudice.[1]

---

[1] On December 12, 2005, Plaintiff filed an interlocutory appeal challenging the dismissal of two of the Defendants he originally named in this action.  *See* docket entries #55, #67, and #87.  On March 6, 2006, the Eighth Circuit entered a Judgment dismissing the appeal "for a lack of jurisdiction as the appeal is premature."  *See* http://pacer.ca8.uscourts.gov, Case No. 05-4411.  As of the date of this Recommended Disposition, the paper file has not been returned to the Eastern

## II.  Factual Allegations[2]

In May of 2004, Plaintiff, who was then in his late twenties, was diagnosed with hypertension, enrolled in the hypertension chronic care clinic, and prescribed Captopril, which is a blood pressure medication.  *See* docket entries #126 at Exs. 3, 4, and 9,  and #132.  In October of 2004, a physician ordered lab tests, a chest X ray, and an EKG.  *Id.*  However, Plaintiff declined the prescribed low-sodium diet and refused to exercise.  *Id.*  The parties agree that, on November 24, 2004, Defendant Nurse Kathy Hunter failed to give Plaintiff his evening dose of Captopril, but that Plaintiff properly received that medication the following day.  *Id.*

In May of 2004, Plaintiff complained of lower back pain.  *See* docket entries #126 at Exs. 3, 5, 6, 9, and #132.  A physician who examined Plaintiff on two occasions noted:  (1) no difficulty in getting up or ambulating; (2) no muscle spasms; (3) no neurological deficits; (4) a normal gait; and (5) only a slight decrease in range of movement.  *Id.*  Additionally, an X ray revealed a normal lumbar spine.  *Id.*  Nevertheless, Plaintiff was prescribed Motrin and Elavil for his lower back pain. *Id.*  The parties agree that, on March 23, 2005, Defendant Nurse Iserene Brown failed to give Plaintiff his evening dose of Elavil.  However, at that time, Plaintiff possessed 800 milligram tablets of Motrin which he could have taken for his lower back pain.  *Id.*  Plaintiff also contends that Defendant Nurse Judy Burch failed to give him Elavil twice in January of 2005, four times in February of 2005, four times in March of 2005, and two times in April of 2005.[3]  *Id.*  Importantly,

---

District of Arkansas.  However, the electronic file is available on CM/ECF.

[2]  Unless otherwise stated, the following factual allegations are undisputed.

[3]  In his Complaint, Plaintiff: (1) does not specify who failed to give him Elavil in January, Feb, and March of 2005; and (2) contends that Defendant Burch failed to give him Elavil in April of 2005.  *See* docket entries #2 and #126.  However, in his Statement of Disputed Facts, Plaintiff

the parties agree that, on each of these occasions, Plaintiff had in his possession 800 milligram tablets of Motrin that he could have taken for his lower back pain. *Id.*

Plaintiff filed several grievances and requests for interviews about his missed medications. *See* docket entries #126 at Exs. 7 and 8, and #132. Defendant Director of Nursing Sandra Mangum, Nurse Laura Marie McCarty, and Sandra Stratton denied those grievances and/or Plaintiff's request for an interview. *Id.*

Defendants have submitted the March 3, 2006 sworn Declaration of Dr. Roland Anderson, who is licensed in several areas, including family practice and medical management. *See* docket entry #126, at Ex. 9. Based on his review of Plaintiff's medical records, Dr. Anderson states in his Declaration that:

> In my medical opinion, one missed dose of Captopil [for the treatment of Plaintiff's hypertension] was not detrimental to his condition and did not pose a risk to his health. This conclusion is consistent with sound medical practices and my own professional judgment.
>
> *   *   *
>
> It is my medical opinion that although Mr. Rahim/Hunter may have been inconvenienced from missing several doses of Elavil [for the treatment of Plaintiff's lower back pain] over a period of three [sic] months, missing these doses did not place him in any danger of harm and did not have any affect on his overall condition. Elavil is [a] medication used to treat neurogenic pain, of which none was documented. He had Motrin in his possession at these times and Motrin is a more effective pain reliever for subjective back pain. This conclusion is consistent with sound medical practices and my own professional judgment.

*Id.*

---

contends that Defendant Burch failed to give him Elavil on all twelve occasions. *See* docket entry #132. For purposes of this Recommended Disposition, the Court will assume that Defendant Burch failed to give Plaintiff his Elavil on all twelve occasions.

### III.  Analysis Of Plaintiff's Claims

**A.**      **Inadequate Medical Care Claims**

In their Motion, Defendants argue that they are entitled to summary judgment, as a matter of law, on Plaintiff's inadequate medical care claims.[4]  The Court concludes that this argument is well taken.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Court held that a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated when prison officials are  deliberately indifferent to a prisoner's serious medical needs.  This standard involves both an objective and a subjective component.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  First, the plaintiff must demonstrate that he had or has an objectively serious medical need.  *Id.*  Second, the plaintiff must show that prison officials subjectively or actually knew of and deliberately disregarded those needs.  *Id.*

Under this standard of proof, negligence or gross negligence does not rise to the level of deliberate indifference.  *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  Although he has been given an opportunity to do so, Plaintiff has failed to come forward with any evidence suggesting that Defendants' sporadic failure

---

[4]It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file," that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

to give him his medications, over the course of four months, was due to their deliberate indifference to his serious medical needs. *See* docket entry #127 (advising Plaintiff that, at the summary judgment stage, he cannot rest on mere allegations, and instead, must come forward with "affidavits . . . prison records, or other evidence establishing that there is a genuine issue of material fact to be resolved at a hearing or trial"). Instead, all of the evidence establishes that the sporadic lapses were due to negligent oversight and/or failure to timely renew Plaintiff's prescriptions. *See Dulany,* 132 F.3d at 1245 (explaining that: "A number of individual and isolated incidences of medical malpractice or negligence do not amount to deliberate indifference").

Additionally, it is well settled that, in order to proceed with an Eighth Amendment claim, a prisoner must demonstrate that he was actually harmed by the alleged inadequate medical care. *See* 42 U.S.C. § 1997e(e) (providing that a prisoner may not recover damages, in a § 1983 action, "for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (holding that a prisoner could not, as a matter of law, prevail on his inadequate medical care claim because he failed to present evidence that he was actually harmed by the failure to receive his hypertension medication); *Blondheim v. County of Olmsted,* Case No. 02-1055, 47 Fed. Appx. 786 (8th Cir. Sept. 27, 2002) (unpublished opinion) (holding that plaintiff could not establish a prima facie case of deliberate indifference because defendants' failure to forward his medical records upon transfer to another prison did not actually harm him).

The undisputed evidence establishes that Plaintiff missed only one dose of Captopril and thirteen doses of Elavil over a four-month period. According to Dr. Anderson's unrefuted Declaration, Plaintiff was not harmed by those periodic lapses in the receipt of his medications, and,

in fact, he could have taken the Motrin in his possession to control or alleviate his lower back pain. Additionally, Defendants explain in their Brief that, because Plaintiff is incarcerated in the VSM, he is not required to work and is able to rest or lie down for the entire day whenever his back is hurting.  Again, although he has been given the opportunity to do so, Plaintiff has failed to come forward with any evidence suggesting that he was actually injured by the failure to receive his medications.  Accordingly, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's inadequate medical care claims.

**B.**     **Access to the Courts Claims**

Construing Plaintiff's Complaint liberally, it appears that he also contends that Defendant McCarty denied him access to the courts, in February of 2005, when she allegedly tricked him into signing a waiver form regarding a grievance he filed about his failure to properly receive his medications.  *See* docket entry #2.  Neither of the parties addressed this claim in their summary judgment papers.  However, 28 U.S.C. § 1915(e)(2) provides that, whenever a prisoner, such as Plaintiff, has been granted permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . [it] fails to state a claim upon which relief may be granted."[5]

It is well settled that, in order to prevail on an access to the courts claim, a prisoner must demonstrate that he was actually harmed or injured by the defendants' actions.  *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003).  Specifically, in *Lewis*, the Court explained that "actual injury" is "actual prejudice with respect to contemplated or existing

---

[5]  Plaintiff was granted permission to proceed *in forma pauperis* on August 4, 2005.  *See* docket entry #3.

litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

In this case, Plaintiff has failed to explain how he was injured by Defendant McCarty allegedly tricking him into waiving one of his grievances about his alleged failure to properly receive his medications. In fact, it is clear that Plaintiff was allowed to pursue that claim in this § 1983 action. Accordingly, the Court concludes that Defendants are also entitled to summary judgment on Plaintiff's access to the courts claim.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.       Defendants' Motion for Summary Judgment (docket entry #124) be GRANTED, and that this § 1983 action be DISMISSED, WITH PREJUDICE.

2.       The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

3.       The Evidentiary Hearing/Trial scheduled for April 18, 2006 (docket entry #56), be CANCELED.

4.       Plaintiff's Motion to Produce (docket entry #119), which is actually a request that Defendants be ordered to bring certain documents to the April 18, 2006 Evidentiary Hearing/Trial, be DENIED, AS MOOT.

Dated this 21st day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE